### WALKER *v.* MELLISH.

DECLARATION—ACTION ON THE CASE—BAILMENTS.

A declaration alleging the letting of a team of horses to de-fendants, and a promise by defendants to drive the team no greater distance, and to no other place, than that designated, and to use and drive the horses in a moderate and careful manner, and further averring that defendants drove a greater distance and to a different place, and so immoderately, vio-lently, and carelessly used and drove said horses that they were greatly injured, etc., shows a distinct and positive wrong, and states a cause of action in case.

Error to Washtenaw; Kinne, J. Submitted October 8, 1903. (Docket No. 25.) Decided January 26, 1904.

Case by Adelbert B. Walker against Fred Mellish and Adam Ferguson for injuries to a team of horses by over-driving. From a judgment for plaintiff, defendant Mellish brings error. Affirmed.

*J. W. Bennett*, for appellant.

*A. J. Sawyer & Son*, for appellee.

MOORE, C. J. This case was commenced by declara-tion, the material portion of which, omitting the formal part, is as follows:

"Adelbert B. Walker, by A. J. Sawyer & Son, his attorneys, comes and complains of Fred Mellish and Adam Ferguson, defendants herein; the said Fred Mellish having been duly summoned to answer the said plaintiff of a plea of trespass on the case.

"For that whereas: That in consideration that the said plaintiff, on June 2, 1901, at said defendants' request, would let to hire and deliver to them a team of horses of the said plaintiff, for the said defendants to go and perform a certain journey therewith, to wit, from Ann Arbor, in the said county, to Whitmore Lake, in said county, and from thence back again to the said city of Ann Arbor, for a reasonable reward to the said plaintiff, therefore the said defendants promised the said plaintiff that they would drive the said team to no other place and no greater distance, and that they would use and drive the same horses in a moderate, careful, and proper manner for the purposes aforesaid. And the said plaintiff avers that, in confidence of the said promise of the said defendants, he, the said plaintiff, did afterwards, to wit, on the 2d day of June, 1901, let to hire and deliver to them the said horses for the purpose and on the terms aforesaid.

"Yet the said defendants did drive said horses not only to Whitmore Lake aforesaid, but to Ypsilanti and return, and, in driving and using the said horses for the purposes aforesaid, so immoderately, violently, carelessly, and improperly drove and used the said horses that thereby they were greatly hurt and injured, so much so that afterwards, to wit, on the 12th day of June aforesaid, at Ann Arbor aforesaid, one of the said horses died, and the other one became sick, sore, and lame, and utterly useless, and of no value, and so remained, to wit, from thence hitherto, during which the said plaintiff has lost the use of said last-mentioned horse, and was put to great cost and expense in physician's services, and in nursing, feeding, and caring for said last-mentioned horse. And the said plaintiff was also put to great cost and expense in the employment of veterinary services, and in and about trying to heal and cure the said horse which afterwards, to wit, on the 12th day of June, 1901, aforesaid, died from the effects of the aforesaid hard and improper driving of the same horse."

Then followed a second count and the *ad damnum* clause.

The defendants pleaded the general issue, and gave notice that the contract mentioned in the declaration was made on Sunday, and void.

The facts set out in the statement of facts in the declaration were proven by the plaintiff. The defendants asked the judge to dismiss the case because "this is an action begun against Mellish and Ferguson in *assumpsit*. The plea in the case is that the contract was one for a pleasure ride on the Sabbath day, and consequently it is void under the statute, and the proof introduced by the plaintiff himself is that he let the rig for a pleasure ride on Sunday." The judge declined to do so, and the jury returned a verdict in favor of the plaintiff.

The sole question is whether the declaration is one in *assumpsit* or one in trespass on the case. The first part of the declaration states the inducement which led the plaintiff to let the defendants have the property in question. The declaration then sets out a state of facts which amounts to more than a mere breach of the contract. It shows a distinct and positive wrong, for which an action in trespass on the case would lie. See *Eaton* v. *Hill*, 50 N. H. 235 (9 Am. Rep. 189).

Judgment is affirmed.

The other Justices concurred.